RALPH KANTOR, Respondent, *v.* JACOB SMOGLER, Appellant.

Supreme Court, Appellate Term, First Department, April 10, 1928.

**Execution — supplementary proceedings — examination of judgment debtor before return of execution — defendant failed to appear in response to order for examination — funds sufficient to satisfy judgment had been attached — proof was doubtful whether service had been actually made — defendant should not be punished for contempt.**

Defendant, who failed to appear in response to an order for examination before the return of an execution against him, arising from a judgment obtained by plaintiff, should not be punished for contempt, where it appears that on the same day that the order for examination was granted funds sufficient to satisfy the judgment had been attached, and it is doubtful whether service had been actually made, particularly where the proceeding has the appearance of an attempt to collect a part of the judgment by means of contempt proceedings which appear to have been unwarranted.

APPEAL by judgment debtor from an order of the City Court, county of Bronx, dated February 20, 1928, adjudging the judgment debtor guilty of contempt of court and fining him $250, with $30 costs allowed to plaintiff.

*Abraham Rossett,* for the appellant.

*Louis A. Jackson* [*Arthur N. Seiff* of counsel], for the respondent.

PER CURIAM. On January 10, 1928, the judgment creditor obtained a judgment for $433.50 against the defendant in the Municipal Court. Notice of appeal was filed January 28, 1928, and a surety company bond February 7, 1928. On January twelfth funds sufficient to satisfy the judgment had been " attached " in a third party proceeding by an order served on the Merchants Bank of New York.

On the same day the plaintiff obtained an order for the examination of the defendant before return of execution. The order is claimed to have been served on appellant on January sixteenth, requiring him to appear for examination on January twentieth. Defendant failed to appear and motion was made to punish him for contempt on February 9, 1928. The debtor seriously contests the service upon him and on the record it appears to us to be extremely doubtful whether service has actually been made. Under such circumstances, assuming that a finding in favor of the respondent on that issue was proper, a nominal fine might be regarded as justified. The entire proceeding, however, has the appearance of an attempt to collect a part of the judgment by means of contempt proceedings which appear to us to have been unwarranted and the maximum fine entirely unjustified.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concur; present, BIJUR, LYDON and LEVY, JJ.